# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL DAVID DUE, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 20-cv-603-SMY |
| E. WILLIAMS, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge**

Petitioner Randall David Due, an inmate of the Federal Bureau of Prisons ("BOP") currently incarcerated at the Federal Correctional Institution at Greenville, Illinois ("FCI Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the validity of his conviction in *United States v. Due*, Case No. 12-cr-344-002 (Neb. 2012) ("Criminal Case"). Due asserts that because of numerous constitutional violations during his criminal proceedings, he is entitled to immediate release from custody. (Doc. 1 at 8).

This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the rules to other habeas corpus cases.

### Background

On December 5, 2014, the District of Nebraska sentenced Due to 120 months imprisonment after a jury convicted him on one count of filing false liens or encumbrances in violation of 18 U.S.C.

§ 1521, one count conspiracy to file false liens in violation of 18 U.S.C. § 1521, and five counts of filing false liens or encumbrances in violation of 18 U.S.C. §§1521 and 3147. Due did not file a direct appeal. Instead, he filed two motions to vacate judgment (Criminal Case, Docs. 557; 606) with the District of Nebraska, arguing the court lacks subject matter jurisdiction, violated his due process rights, and that he is innocent. The District of Nebraska denied both motions, finding they were without merit and frivolous (*Id.*, Docs. 558; 607). Due continued to file frivolous motions for miscellaneous relief that the District of Nebraska denied. On June 7, 2021, for the first time, Due filed a challenge to his conviction and sentence pursuant to 28 U.S.C. § 2255 (*Id.*, Doc. 611).

The instant petition is Due's third § 2241 petition. He filed his first § 2241 petition while incarcerated at the Federal Correctional Institute Gilmer in Glenville, West Virginia. *Due v. Saad*, Case No. 18-cv-29-GMG (N.D. W.V.) ("First § 2241 Petition"). Due asserted eight grounds for relief, including: (1) he was actually, legally, and factually innocent; (2) there was insufficient evidence at trial to demonstrate he knowingly filed a false lien or that he knowingly conspired to do so; (3) the trial court improperly admitted perjured testimony by a judge; (4) his Fifth Amendment rights were violated by the trial court's rulings on the admissibility of testimony; (5) post-conviction attempts to obtain relief were inadequate and ineffective because the judges who presided over those attempts had a financial conflict of interest and refused to recuse; (6) the trial court erred in it jury instructions; (7) the trial court improperly admitted evidence at trial; and (8) the trial court lacked jurisdiction to hear the underlying case (First § 2241 Petition, Doc. 12 at 7). On December 19, 2018, Due's petition was dismissed without prejudice because he did not seek relief under any permissible grounds and the relief sought could have been raised on direct appeal or through a § 2255 petition (*Id.*, Doc. 15). He appealed the dismissal, but the Fourth Circuit dismissed the appeal for failure to prosecute. *Due v. Saad*, Case No. 19-6317 (4th Cir. 2019).

On December 9, 2019, while incarcerated at FCI Greenville, Due filed another § 2241 Petition in this District. *Due v. Werlich*, Case No. 19-cv-1340-NJR (S.D. Ill.) ("Second § 2241 Petition"). He

asserted seven similar grounds for of relief: (1) the trial judge denied his Fifth Amendment rights; (2) the trial judge improperly allowed perjured testimony from government witnesses; (3) the government failed to prove all essential elements of the crime beyond a reasonable doubt; (4) the jury instructions did not contain the allegations claimed in the indictment; (5) the government failed to produce a "contractual negotiable instrument" that would bind Due to the government's private copy-righted by-laws; (6) judicial officers of the court aided and abetted in the cover-up of the stated violations; and (7) judicial officers of the court violated their "oath/contract" to support the Constitution during the trial (Second Section 2241 Petition, Doc. 1 at 6-8). Due's petition was dismissed with prejudice because it failed to satisfy Section 2255's savings clause requirements, he offered no new grounds from his First Section 2241 Petition which would fall under the savings clause, he did not rely on any new statutory interpretation cases, he failed to explain how a Section 2255 proceeding would be "inadequate and ineffective;" and his claims challenging the validity of his conviction could have been raised on direct appeal or in a Section 2255 proceeding (*Id.*, Doc. 6 at 4). Due subsequently sought reconsideration, arguing that his claim should proceed under *Mathis v. United States*, 136 S. Ct. 2243 (2016), because it was not previously available to him when he filed his Second § 2241 petition. The court denied his motion, concluding that he could have raised a *Mathis* argument in his Second § 2241 petition (*Id.*, Doc. 9 at 2-3).

Due then filed the instant third § 2241 petition, claiming he has now met Section 2255's savings clause requirements. He raises three grounds: (1) that *Dawkins v. United States*, 829 F.3d 549 (7th Cir. 2016), is a new statutory interpretation case that was not available during the period a Section 2255 petition could have been filed; (2) that the retroactive *Mathis* case was not available during the period a Section 2255 petition could have been filed; and (3) that alleged "Fundamental Defects" detailed in his affidavit complaint committed by judicial officers of the court resulted in a grave miscarriage of justice and illegal detention (*Id.* at 6-7).

**Discussion**

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Under very limited circumstances, a prisoner may employ 28 U.S.C. § 2441 to challenge his conviction and sentence. More specifically, Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Daveport*, 147 F.3d 605, 611 (7th Cir. 1998).

A petitioner must meet three conditions to trigger the savings clause: (1) he must show that he relies on a new statutory interpretation case rather than a constitutional case; (2) he must show that he relies on a decision that he could not have invoked in his Section 2255 motion and that applies retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). "There must be some kind of structural problem with [S]ection 2255 before [S]ection 2241 becomes available. In other words, something more than a lack of success with a [S]ection 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

In *Mathis*, the Supreme Court addressed when courts should apply the modified categorical approach with statutes containing multiple alternative elements. 136 S. Ct. at 2245, 2249. Thus, *Mathis* is a case of statutory interpretation that concerns the essential elements of a crime that must be proven at trial. While Due claims *Mathis*' new statutory interpretation was not available at the time a § 2255 petition could be filed, he could have raised these arguments in either of his § 2241 petitions

that were filed in 2018 and 2019.

Due further asserts that several "fundamental defects" in his conviction have resulted in a miscarriage of justice (Doc. 1 at 13-15). He raised substantially similar allegations in his previous petitions that were both dismissed. He also fails to explain how a § 2255 proceeding would be "inadequate and ineffective."

Because Due's claims challenging the validity of his conviction are claims which could have been raised on direct appeal or in a § 2255 proceeding, he fails to satisfy the savings clause requirements. Section 2241 is not the proper vehicle for review of his conviction.

## Conclusion

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**. All pending motions are **DENIED as moot**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: July 12, 2021

2021.07.12
14:49:59 -05'00'

**STACI M. YANDLE**
**United States District Judge**